IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02257-BNB

ARTHUR D'AMARIO, III,

Applicant,

v.

BLAKE DAVIS,

Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY - 8 2008

GREGORY C. LANGHAM
CLERK

ORDER OF DISMISSAL

Applicant Arthur D'Amario, III, is a prisoner in the custody of the United States Bureau of Prisons at the Federal Correctional Institution at Englewood, Colorado. Mr. D'Amario initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 primarily challenging the validity of his criminal conviction and sentence in case number 99-cr-00024 in the United States District Court for the District of Rhode Island. Mr. D'Amario also asserts a claim challenging the execution of his sentence. In an order filed on November 26, 2007, Magistrate Judge Boyd N. Boland ordered Mr. D'Amario to show cause why the habeas corpus application should not be denied. Mr. D'Amario was ordered to show cause why his claims challenging the validity of his conviction and sentence should not be dismissed because he has an adequate and effective remedy pursuant to 28 U.S.C. § 2255 in the sentencing court. He also was ordered to show cause why his claim challenging the execution of his sentence should not be dismissed as successive or abusive. On December 20, 2007,

Magistrate Judge Boland granted Mr. D'Amario an extension of time to show cause and on February 6, 2008, Magistrate Judge Boland granted Mr. D'Amario's motion for a stay until May 1, 2008, to show cause. On April 4, 2008, Mr. D'Amario filed a "Motion to Vacate Stay" and he filed his response to the show cause order. The "Motion to Vacate Stay" will be granted. On April 21, 2008, Mr. D'Amario filed a "Supplemental Memorandum Supporting Petitioner's Response to the Magistrate's Show Cause Order."

The Court must construe the habeas corpus application and the responses to the show cause order liberally because Mr. D'Amario is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action.

Mr. D'Amario was convicted of being a felon in possession of a firearm and he was sentenced to eighteen months in prison. The judgment of conviction and sentence were affirmed on direct appeal. *See United States v. D'Amario*, 2 F. App'x 25 (1st Cir. 2001). As noted above, Mr. D'Amario primarily is challenging the validity of his conviction and sentence in this action. He alleges that he previously has sought and been denied relief pursuant to 28 U.S.C. § 2255 in the sentencing court.

The purposes of an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion pursuant to 28 U.S.C. § 2255 are distinct and well established. "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its

2

validity and must be filed in the district where the prisoner is confined." ***Bradshaw v. Story***, 86 F.3d 164, 166 (10th Cir. 1996). "A 28 U.S.C. § 2255 petition attacks the legality of detention and must be filed in the district that imposed the sentence." ***Id.*** (citation omitted). "The purpose of section 2255 is to provide a method of determining the validity of a judgment by the court which imposed the sentence, rather than by the court in the district where the prisoner is confined." ***Johnson v. Taylor***, 347 F.2d 365, 366 (10th Cir. 1965) (per curiam). A habeas corpus petition pursuant to 28 U.S.C. § 2241 "is not an additional, alternative, or supplemental remedy, to the relief afforded by motion in the sentencing court under § 2255." ***Williams v. United States***, 323 F.2d 672, 673 (10th Cir. 1963) (per curiam). "The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." ***Johnson***, 347 F.2d at 366.

Mr. D'Amario argues in his responses to Magistrate Judge Boland's show cause order that the remedy available to him pursuant to § 2255 in the sentencing court is inadequate or ineffective. He specifically contends that the sentencing judge in the District of Rhode Island and the judges of the United States Court of Appeals for the First Circuit are biased against him. Mr. D'Amario also contends that the remedy available pursuant to § 2255 in the sentencing court is inadequate or ineffective because one of the claims he is raising is a new claim that was not available previously.

The remedy available pursuant to § 2255 is inadequate or ineffective only in "extremely limited circumstances." ***Caravalho v. Pugh***, 177 F.3d 1177, 1178 (10th Cir. 1999). For example, the remedy available pursuant to § 2255 may be inadequate or

ineffective if the sentencing court has been abolished, refuses to consider the § 2255 motion, inordinately delays consideration of the § 2255 motion, or is unable to grant complete relief. *See id.* Another situation that may render the remedy available pursuant to § 2255 inadequate and ineffective is when the gate-keeping language of § 2255 bars retroactive application of a Supreme Court case that does not state a new rule of constitutional law but demonstrates the petitioner is actually innocent. *See Reyes-Requena v. United States*, 243 F.3d 893, 903 (5th Cir. 2001). The simple fact that Mr. D'Amario has been denied relief in the sentencing court does not mean that the remedy provided in § 2255 is inadequate or ineffective. *See Williams*, 323 F.2d at 673. The fact that Mr. D'Amario may be barred from raising his claims in a second or successive motion in the sentencing court pursuant to § 2255, by itself, also does not demonstrate that the remedy provided in § 2255 is inadequate or ineffective. *See Caravalho*, 177 F.3d at 1179.

Mr. D'Amario's assertion that the sentencing judge is biased against him does not demonstrate that the remedy available pursuant to § 2255 is inadequate or ineffective because Mr. D'Amario could move to recuse the sentencing judge. *See Bradshaw v. Story*, 86 F.3d 164, 167 (10th Cir. 1996). Mr. D'Amario's argument that the remedy available pursuant to § 2255 in the sentencing court is inadequate or ineffective because one of the claims he is raising is a new claim that was not available previously also lacks merit. Mr. D'Amario does not identify any retroactive Supreme Court decision that supports the new claim he seeks to raise and he fails to demonstrate that he is actually innocent of the crime for which he was convicted.

Therefore, the Court finds that Mr. D'Amario has an adequate and effective remedy in the sentencing court pursuant to § 2255 for his claims challenging the validity of his conviction and sentence and those claims will be dismissed from this action.

Finally, as noted above, Mr. D'Amario also challenges the execution of his sentence. He specifically contends that the Bureau of Prisons has miscalculated his sentence by denying him credit for time he has spent in custody. This claim properly is asserted pursuant to § 2241. However, Mr. D'Amario's claim that he is entitled to credit for prior custody already has been raised and rejected on the merits. **See D'Amario v. Zenk**, 131 F. App'x 381 (3rd Cir. 2005) (stating that the district court concluded Mr. D'Amario "had repeatedly unsuccessfully litigated the issue in previous § 2241 petitions and a state action.").

Pursuant to 28 U.S.C. § 2244(a), the court may deny a habeas corpus claim that is successive or abusive. **See George v. Perrill**, 62 F.3d 333, 334-35 (10th Cir. 1995). A successive application raises claims identical to those raised and rejected on the merits in a prior application and an abusive application raises new claims that were available but were not raised in a prior application. **See Schlup v. Delo**, 513 U.S. 298, 319 n.34 (1995). Absent a showing of cause and prejudice or a fundamental miscarriage of justice, the court may not address the merits of successive or abusive habeas claims. **See id.** at 318-23; **George**, 62 F.3d at 335.

Mr. D'Amario argues in his response to Magistrate Judge Boland's show cause order that his claim challenging the execution of his sentence is neither successive nor abusive because the United States Court of Appeals for the Third Circuit authorized him

5

to file a new habeas corpus petition in the appropriate court challenging the computation of his sentence in 2001 and again in 2004. Even assuming Mr. D'Amario accurately has described the contents of the orders he references, he does not address the 2005 order of the Third Circuit affirming the denial of a § 2241 petition filed by Mr. D'Amario raising the same claim challenging the computation of his sentence because he "had repeatedly unsuccessfully litigated the issue in previous § 2241 petitions and a state action." *See D'Amario v. Zenk*, 131 F. App'x 381, 382 (3rd Cir. 2005). Therefore, Mr. D'Amario's claim challenging the execution of his sentence also will be dismissed because he fails to demonstrate cause and prejudice or a fundamental miscarriage of justice. Accordingly, it is

ORDERED that the "Motion to Vacate Stay" filed on April 4, 2008, is granted. It is

FURTHER ORDERED that the habeas corpus application is denied and the action is dismissed.

DATED at Denver, Colorado, this 7 day of May, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-02257-BNB

Arthur D'Amario, III
Reg. No. 02989-070
FCI - Englewood
9595 W. Quincy Ave
Littleton, CO 80123

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 5/8/08

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk