IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02257-ZLW

ARTHUR D'AMARIO, III,

    Applicant,

v.

BLAKE DAVIS,

    Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 12 2010

GREGORY C. LANGHAM
CLERK

---

ORDER DENYING MOTION

---

Applicant Arthur D'Amario, III, is a prisoner in the custody of the United States Bureau of Prisons at a federal prison in Texas. Mr. D'Amario has filed *pro se* on February 1, 2010, a "Motion for Relief" pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure and a memorandum in support of the "Motion for Relief." Mr. D'Amario asks the Court to vacate the Court's Order of Dismissal and the Judgment filed in this action on May 8, 2008. The Court must construe the "Motion for Relief" liberally because Mr. D'Amario is not represented by an attorney. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the "Motion for Relief" will be denied.

Mr. D'Amario initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 primarily challenging the validity of his criminal conviction and sentence in case number 99-cr-00024 in the United States District Court for the District of Rhode Island. Mr. D'Amario also asserted a claim

challenging the computation of his sentence by the Bureau of Prisons. In an order filed on November 26, 2007, Magistrate Judge Boyd N. Boland ordered Mr. D'Amario to show cause why the habeas corpus action should not be dismissed. Mr. D'Amario specifically was ordered to show cause why his claims challenging the validity of his conviction and sentence should not be dismissed because he has an adequate and effective remedy pursuant to 28 U.S.C. § 2255 in the sentencing court. He was ordered to show cause why his claim challenging the computation of his sentence should not be dismissed as successive or abusive.

In an order filed on May 8, 2008, the Court denied the application and dismissed the action. The Court determined that Mr. D'Amario had an adequate and effective remedy pursuant to § 2255 in the District of Rhode Island for his claims challenging the validity of his conviction and sentence even though he already had sought and been denied relief pursuant to § 2255. The Court dismissed Mr. D'Amario's claim challenging the computation of his sentence because that claim was successive or abusive and Mr. D'Amario failed to demonstrate either cause and prejudice or a fundamental miscarriage of justice. The United States Court of Appeals for the Tenth Circuit subsequently denied Mr. D'Amario leave to proceed *in forma pauperis* and dismissed his appeal, noting that Mr. D'Amario did not establish the inadequacy or ineffectiveness of § 2255 and that the district court did not err in dismissing the § 2241 claim. *See D'Amario v. Davis*, No. 08-1191 (10th Cir. Sept. 18, 2008).

Mr. D'Amario alleges in his memorandum in support of the "Motion for Relief" that new law and new facts demonstrate he was correct in seeking relief in this Court

pursuant to 28 U.S.C. § 2241 rather than in the sentencing court pursuant to 28 U.S.C. § 2255. More specifically, Mr. D'Amario contends that a recent decision of the United States Supreme Court holds that demands for DNA testing must be presented in habeas corpus actions as opposed to actions pursuant to 42 U.S.C. § 1983, *see* **District Attorney's Office v. Osborne**, 129 S. Ct. 2308 (2009), and that he has been denied leave to file a second or successive motion pursuant to § 2255 in the sentencing court based on the Supreme Court's decision in **Osborne**. Mr. D'Amario does not raise any arguments that implicate the Court's dismissal of his claim challenging the computation of his sentence.

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances . . . ." **Gonzalez v. Crosby**, 545 U.S. 524, 528 (2005). In particular, Rule 60(b) authorizes relief on the following six specified grounds:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). As noted above, Mr. D'Amario seeks relief pursuant to Rule 60(b)(6).

Rule 60(b)(6) has been described "as a grand reservoir of equitable power to do justice in a particular case." **Van Skiver v. United States**, 952 F.2d 1241, 1244 (10th

Cir. 1991) (internal quotation marks omitted). However, relief under rule 60(b)(6) "is extraordinary and may only be granted in exceptional circumstances." *Davis v. Kan. Dep't of Corr.*, 507 F.3d 1246, 1248 (10th Cir. 2007) (internal quotation marks omitted). Furthermore, the sort of extraordinary circumstances that justify relief under Rule 60(b)(6) "'rarely occur in the habeas context.'" *Omar-Muhammad v. Williams*, 484 F.3d 1262, 1264 (10th Cir. 2007) (quoting *Gonzalez*, 545 U.S. at 535).

The Court is not persuaded that the Supreme Court's decision in *Osborne*, followed by the denial of Mr. D'Amario's petition for leave to file a second or successive § 2255 motion in the sentencing court based on *Osborne*, is the sort of extraordinary circumstance that justifies relief under Rule 60(b)(6). A post-judgment change in the law that does not arise in a related case "does not justify relief under Rule 60(b)(6)." *Van Skiver*, 952 F.2d at 1245. Furthermore, even assuming a post-judgment change in the law could justify relief under Rule 60(b)(6), the Supreme Court's decision in *Osborne* does not undermine the Court's determination that Mr. D'Amario has an adequate and effective remedy available to him pursuant to § 2255 in the sentencing court.

Mr. D'Amario argues that *Osborne* stands for the proposition that "demands for testing of state-held DNA evidence must be presented in traditional habeas corpus fora." (Memo. in Supp. of Mot. for Relief at 1.) He is mistaken. Although the Supreme Court granted certiorari in part to decide whether the petitioner's claims seeking postconviction access to DNA evidence could be raised in an action pursuant to 42 U.S.C. § 1983 rather than in a habeas corpus action pursuant to 28 U.S.C. § 2254,

*Osborne*, 129 S. Ct. at 2316, the Supreme Court ultimately did not decide that question and assumed that such a claim could be asserted pursuant to § 1983, *id.* at 2319.

The question the Supreme Court actually decided in *Osborne* was whether the petitioner "has a right under the Due Process Clause to obtain postconviction access to the State's evidence for DNA testing." *Id.* at 2316. On that question, the Supreme Court held that a convicted prisoner does not have a freestanding constitutional right to postconviction access to DNA evidence, *Osborne*, 129 S. Ct. at 2322, and that, at most, a prisoner may have a procedural due process right to the proper application of a state-created right, *id.* at 2319-20. *Osborne* does not speak to the question of whether the remedy available in a sentencing court pursuant to § 2255 is inadequate or ineffective such that a prisoner may challenge the validity of his conviction and sentence in a habeas corpus proceeding pursuant to 28 U.S.C. § 2241. The Supreme Court's conclusion in *Osborne* that there is no freestanding constitutional right of postconviction access to DNA evidence also undercuts Mr. D'Amario's contention that his claims challenging the validity of his District of Rhode Island conviction are supported by new law.

The fact that Mr. D'Amario recently was denied permission to file a second or successive motion pursuant to § 2255 in the sentencing court based on *Osborne* does not alter the Court's conclusion. Even assuming the decision in *Osborne* somehow is relevant to Mr. D'Amario's claims challenging the validity of his District of Rhode Island conviction and sentence and that he could demonstrate the remedy available to him in the sentencing court pursuant to § 2255 currently is inadequate and ineffective, his

remedy is to file a new habeas corpus action in the district in which he is confined. Mr. D'Amario's desire to avoid filing "a new case, pay another fee, and rebrief the issues" (Memo. in Supp. of Mot. for Relief at 1) does not demonstrate that he is entitled to relief pursuant to Rule 60(b)(6).

For all of these reasons, the Court finds that Mr. D'Amario is not entitled to relief pursuant to Rule 60(b)(6). Accordingly, it is

ORDERED that the "Motion for Relief" filed on February 1, 2010, is denied.

DATED at Denver, Colorado, this 10th day of ___February___, 2010.

BY THE COURT:

_____ for

PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-02257-ZLW

Arthur D'Amario III
Reg No. 02989-070
US Penitentiary Beaumont
P.O. Box 26030
Beaumont, TX 77720-6030

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 2/12/10

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk